HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROTECH MINERALS, INC., a California Corporation, and CHUL LIM CHOE, an individual<br><br>Petitioners/<br>Counter-Defendants,<br><br>vs.<br><br>TERRY SUZUKI,<br><br>Respondent/<br>Counter-Plaintiff | No. 2:20-cv-00969-TSZ<br><br>DECLARATION OF JACK M. LOVEJOY IN SUPPORT OF MOTION TO CONFIRM ARBITRAITON AWARD AND OPPOSITION TO MOTION TO VACATE ARBITRATION AWARD<br><br>NOTE ON MOTION CALENDAR:<br><br>October 2, 2020 |

Jack Lovejoy declares:

1. I am over the age of eighteen and competent to testify to the matters stated herein on personal knowledge.

2. I am counsel of record for Terry Suzuki, the Respondent/Counter-Plaintiff in this action.

3. I was counsel for Mr. Suzuki in the case of *Terry Suzuki v. Protech Mineral, Inc., and Chui Lim Choe,* JAMS Arbitration No. 1160021925.

Declaration of Jack M. Lovejoy - 1
[2:20-cv-00969-TSZ]

CFL LAW GROUP, LLP
1001 FOURTH AVENUE, SUITE 3900
SEATTLE, WASHINGTON 98154
(206) 292-8800

1   4.  Attached as Exhibit 1 is a true and correct copy of the March 13, 2020, Partial Interim Award re Attorney Fees and Costs entered in the case of *Terry Suzuki v. Protech Mineral, Inc., and Chui Lim Choe*, JAMS Arbitration No. 1160021925.

I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct.

DATED this 21st day of August, 2020, at Seattle, Washington.

By: */s/ Jack M. Lovejoy*

Jack M. Lovejoy, WSBA No. 36962
CFL LAW GROUP, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 292-8800 phone
E-mail: jlovejoy@corrcronin.com

*Attorney for Respondent/Counter-Plaintiff Terry Suzuki*

Declaration of Jack M. Lovejoy - 2
[2:20-cv-00969-TSZ]

CFL LAW GROUP, LLP
1001 FOURTH AVENUE, SUITE 3900
SEATTLE, WASHINGTON 98154
(206) 292-8800

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 21, 2020, I electronically filed the foregoing with Clerk of the Court utilizing the ECF Court's system which will send notification of filings to all registered e-service recipients.

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED at Port Orchard, Washington, on August 21, 2020.

*By: s/ Irina Kinyon*

Irina Kinyon, PP
Paralegal
ikinyon@corrcronin.com

Declaration of Jack M. Lovejoy - 3
[2:20-cv-00969-TSZ]

CFL LAW GROUP, LLP
1001 FOURTH AVENUE, SUITE 3900
SEATTLE, WASHINGTON 98154
(206) 292-8800

# EXHIBIT 1

## JAMS ARBITRATION
## No. 1160021925

**Terry Suzuki,**

                                          **Claimant**

**and**

**Protech Minerals, Inc., and Chul Lim Choe,**
                                          **Respondents.**

---

## PARTIAL INTERIM AWARD
## Re ATTORNEYS FEE AND COSTS

**Counsel:**

| Counsel for Claimant: | Counsel for Respondents: |
|---|---|
| Jack M. Lovejoy Esq. | Avraham N. Wagner Esq. |
| Cable Langenbach Kinerk et al | The Wagner Firm |
| 1000 Second Ave. | 1925 Century Park E |
| Suite 3500 | Suite 2100 |
| Seattle, WA  98104 | Los Angeles, CA  90067 |
| Tel: 206-292-8800 | Tel: (310) 491-7949 |
| Fax: 206-292-0494 | Fax: (310) 694-3967 |
| Email: jlovejoy@cablelang.com | Email: avi@thewagnerfirm.com |

**Arbitrator:**
    Judge Thomas McPhee (Ret.)
    JAMS

**Case Manager**
    Michele Wilson
    JAMS
    1420 Fifth Avenue, Suite 1650
    Seattle, WA 98101
    mwilson@jamsadr.com
    Direct - 206.292.0457
    Fax – 206.292.9082

**Place of Arbitration:  Seattle, Washington**

**Date of Interim Award: January 17, 2020**

THE UNDERSIGNED ARBITRATOR, having been so designated pursuant to stipulation of the parties, and having considered the claims or defenses, evidence, and legal authorities submitted by each party, finds, concludes and issues this Partial Interim Award regarding attorney fees, arbitration fees, and costs, as follows:

This Partial Interim Award addresses the request by Suzuki for an award of attorney fees, arbitration fees, and costs. In his response, Choe does not contest the claim for arbitration fees and costs. A review of those items and the declarations in support of them provides no basis for concluding other than that the requested arbitration fees and costs are reasonable, necessary, and eligible for shifting pursuant to the agreement between the parties. Those items are awarded in the amounts requested.

Suzuki's claim for award of attorney fees is based on the well-established lodestar formula, requiring the party seeking an award to show that the fees sought are based on hours reasonably necessary and actually incurred in the attorney's representation, and charged at a rate customarily charged by attorneys of comparable experience and expertise in the area where the work occurred. The party seeking the award has the burden of showing these elements.

Choe does not contest Suzuki's contention that the hours and rate are reasonable. Nevertheless, when applying the lodestar formula, a judge (and here, an arbitrator) is charged with conducting an independent review to ensure that the standards for a lodestar award have been met. I have conducted the required review, including a summary consideration of hours charged through August 2019, and a line-by-line consideration of the hours charged after August 2019. I find the hours charged are reasonable and necessary.

I also find that the rate charged is reasonable. Mr. Lovejoy did not offer evidence by way of report or declaration from other attorneys to establish the reasonableness of his rate. However, that evidence is customarily unnecessary where the rate charged is reasonable on its face in the experience of the judge or arbitrator. Such is the case here; I find that the rate charged is reasonable.

Choe does object to award of attorney fees sought here on the theory that shifting attorney fees can occur only if the prevailing party has paid the amount charged. This theory is not recognized in California law; the cases cited by Choe do not support his contention. In addition, I note that Suzuki's reply declaration dated March 1, 2020, refutes the contention that is the basis for Choe's objection.

Pursuant to the foregoing, Suzuki is awarded attorney fees in the amount of $95,780, costs of arbitration in the amount of $17,962.87, and costs in the amount of $9,352.10.

Seven calendar days after transmission to the parties of this Partial Interim Award, the arbitrator will enter a Final Award that will combine the award made in the Interim Award and in this Partial Interim Award.

DATED: March 11, 2020.

                                                Judge Thomas McPhee (Ret.)
                                                Arbitrator

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: Suzuki, Terry vs. Protech Minerals & Choe, Chul
Reference No. 1160021952

I, Michele Wilson, not a party to the within action, hereby declare that on March 13, 2020, I served the attached Partial Interim Award re: Attorney Fees and Costs on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at Seattle, WASHINGTON, addressed as follows:

Jack M. Lovejoy Esq.
Corr Cronin Michelson et al.
1001 Fourth Ave.
Suite 3900
Seattle, WA  98154
Phone: 206-625-8600
jlovejoy@corrcronin.com
   Parties Represented:
   Terry Suzuki

Avraham N. Wagner Esq.
Wagner Firm
1925 Century Park E
Ste 2100
Los Angeles, CA  90067
Phone: (310) 491-7949
avi@thewagnerfirm.com
   Parties Represented:
   Chul Choe
   Protech Minerals

I declare under penalty of perjury the foregoing to be true and correct. Executed at Seattle, WASHINGTON on March 13, 2020.

Michele Wilson
mwilson@jamsadr.com