1

2

3

4

5                        UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF WASHINGTON
6                               AT SEATTLE

7    PROTECH MINERALS, INC., a
     California Corporation, and CHUL
8    LIM CHOE, an individual,

9                          Petitioners/
                        Counter-Defendants,              C20-0969 TSZ
10
             v.
                                                         ORDER
11   TERRY SUZUKI,

12
                            Respondent/
13                       Counter-Plaintiff.

14          THIS MATTER comes before the Court on Petitioners' Petition to Vacate

15   Arbitration Award, docket no. 1, and Respondent's Cross-Motion to Confirm Arbitration

16   Award, docket no. 12.  Having reviewed all papers filed in support of, and in opposition

17   to, the motions, the Court enters the following order.

18   **Background**

19          After twenty years, Petitioner Chul Lim Choe decided he wanted to sell his

20   company, Protech Minerals, Inc. (PMI).  Petition to Vacate Arbitration Award at 3.

21   Respondent Terry Suzuki agreed to scout for a potential buyer.  *Id.* at 4.

22

23

ORDER - 1

On June 24, 2016, Choe and Suzuki signed a Consulting Agreement (Agreement), Ex. A to Zarmi Decl. (docket no. 1-1 at 6), drafted by Suzuki's attorney, which related to an Asset Purchase Agreement (APA) for the sale of PMI. The Agreement provided that upon the closing of the APA, Choe would pay Suzuki a consulting fee of $500,000 (Consulting Fee). Ex. A to Zarmi Decl. (docket no. 1-1 at 6). The Agreement also contained an arbitration clause requiring that any dispute be subject to arbitration by Judicial Arbitration and Mediation Services, Inc. (JAMS) and governed by its rules and procedures. *Id.* After the APA closed, a dispute arose between the Choe and Suzuki relating to the Consulting Fee. Petition to Vacate Arbitration Award at 6–7. In October 2017, Suzuki submitted a demand for arbitration to compel payment. Ex. B to Zarmi Decl. at 16–22. Choe filed counterclaims, contending that no Consulting Fee was due and requesting repayment of the $250,000 that he had paid Suzuki. Ex. C to Zarmi Decl. at 47–66. An arbitration hearing occurred in December 2019. Petition to Vacate Arbitration Award at 6. On April 23, 2020, the Arbitrator entered a Corrected Final Award (Award), awarded Suzuki $250,000, and denied Choe's counterclaims. Ex. J to Zarmi Decl. at 113.

Petitioners now seek to vacate the Award and ask the Court to order a retrial and rehearing before a new arbitrator. Petitioners' Reply (docket no. 16 at 12). Suzuki seeks to confirm the Award.

1 | **<u>Discussion</u>**

2 |     **A. Judicial Review of Arbitration Awards**

3 |        An arbitration award is binding and enforceable unless the court finds a basis to

4 | vacate it pursuant to 9 U.S.C. § 10. *See Kyocera Corp. v. Prudential-Bache Trade Servs.,*

5 | *Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) (en banc) ("The Federal Arbitration Act, 9 U.S.C.

6 | §§ 1–16, enumerates limited grounds on which a federal court may vacate, modify, or

7 | correct an arbitral award."). "Neither erroneous legal conclusions nor unsubstantiated

8 | factual findings justify federal court review of an arbitral award under the statute." *Id.* at

9 | 994.

10 |        Petitioners move to vacate the Award pursuant to 9 U.S.C. § 10(a)(4), which

11 | authorizes a court to vacate an arbitration award where the arbitrator exceeded his or her

12 | power such that the award was not mutual, final, and definite. "'[A]rbitrators exceed

13 | their powers in this regard not when they merely interpret or apply the governing law

14 | incorrectly, but when the award is completely irrational, or exhibits a manifest disregard

15 | of law.'" *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir. 2012) (quoting

16 | *Kyocera*, 341 F.3d at 997). Thus, the grounds to vacate an arbitration award are

17 | extremely narrow. *Kyocera*, 341 F.3d at 998.

18 |        Relying on California law, Petitioners make two arguments that the Arbitrator

19 | manifestly disregarded the law when entering the Award: (1) Suzuki was not licensed as

20 | a real estate broker; and (2) Suzuki was not licensed as a broker-dealer. Petitioners

21 | additionally contend that the Award violates public policy. The Court concludes that

22 | none of these objections have merit and therefore confirms the Award.

23 |

ORDER - 3

**B.  Manifest Disregard of the Law**

      **1.  Real Estate Broker Issue**

Under California law, a "real estate broker" is someone who, for compensation, does or negotiates to do one of the following acts for another: "[s]ells or offers to sell, buys or offers to buy, solicits prospective sellers or buyers of, solicits or obtains listings of, or negotiates the purchase, sale, or exchange of real property or a business opportunity."  Cal. Bus. & Prof. Code § 10131.  California law is well-established that an intermediary who "finds and introduces" a person may recover a fee under the "finder's" exception to the real estate licensing act.  *Zappas v. King Williams Press, Inc.*, 10 Cal. App. 3d 768, 772 (Cal. Ct. App. 1970).  Whether a person performed a service requiring a real estate license is a question of fact.  *See Venturi & Co. LLC v. Pac. Malibu Dev. Corp.*, 172 Cal. App. 4th 1417, 1423 (Cal. Ct. App. 2009).

Petitioners argue that the Arbitrator manifestly disregarded relevant law because he determined that Suzuki did not act as a real estate broker.  But whether Suzuki acted in a manner requiring a real estate license was a factual determination, and the Court is barred from disregarding the Arbitrator's factual determinations.  *See Stead Motors of Walnut Creek v. Auto Machinists Lodge No. 1173, Int'l Ass'n of Machinists & Aerospace Workers*, 886 F.2d 1200, 1207 (9th Cir. 1989).  Further, testimony from Choe, Dan Uhm (hired to help with the DST transaction), Suzuki, and Jennifer Choe (Choe's daughter) support the Arbitrator's finding that Suzuki acted as a finder and did not negotiate the sale of PMI.  *See* Ex. E to Zarmi Decl. (docket 1-1 at 85–88).  The Arbitrator did not

1  manifestly disregard the law.  Rather, in this case, the Arbitrator cited applicable

2  California law and made findings of fact consistent with that law.[1]

3           **2.  Broker-dealer Issue**

4        In California, "'[b]roker-dealer' means any person engaged in the business of

5  effecting transactions in securities in [California] for the account of others or for that

6  person's own account."  Cal. Corp. Code § 25004(a).  A broker-dealer must have a

7  securities license.  Cal. Corp. Code § 25210(a).  An exception, however, exists, and the

8  law does not require a securities license where a person has no place of business in

9  California and he or she effects transactions in the state "exclusively with (A) the issuers

10 of the securities involved in the transactions or (B) other broker-dealers."  Cal. Corp.

11 Code § 25004(a)(5).  Additionally, another exception exists where the securities sale is

12 incidental to a sale of other property.  *Weber v. Jorgensen*, 16 Cal. App. 3d 74, 83 (Cal.

13 Ct. App. 1971).

14       Petitioners assert that Suzuki "acted as an unlicensed securities broker in his

15 activities facilitating the PMI purchase of PML[2] shares and Mr. Choe's purchase of the

16 Inland Texas Healthcare DST," and that the Arbitrator erred by finding otherwise.

---

[1] Petitioners also argue that the Arbitrator disregarded California law requiring a real estate license when negotiating the sale of a business opportunity.  Petition to Vacate Arbitration Award at 11.  But this argument also raises a factual dispute with respect to the Arbitrator's finding that Suzuki did not negotiate or broker the sale of PMI.  For this point, Petitioners' reliance on *All Points Traders, Inc. v. Barrington Assoc.*, 211 Cal. App. 3d 723 (Cal. Ct. App. 1989) is misplaced.  Unlike here, the party in that case *had helped negotiate* the sale of a business opportunity and could not receive compensation because he did so without the required real estate license.  *Id.* at 727, 737.

[2] After Mattox purchased PMI, he, through his affiliated companies, formed a new company named Protech Minerals, LLC (PML).  Petition to Vacate Arbitration Award at 1.

ORDER - 5

Petition to Vacate Arbitration Award at 11.  Petitioners further challenge the Arbitrator's findings that "Suzuki had no role in the 1031 DST except to introduce the idea," that "Suzuki did not offer advice on how to structure the DST," and that, with regard to this transaction, "Uhm performed the broker's role."  *Id.* at 11–12; Ex. E to Zarmi Decl. at 88. But, again, this Court may not disregard the Arbitrator's factual findings.  *Stead Motors of Walnut Creek*, 886 F.2d at 1207.  Moreover, in his Interim Award, the Arbitrator explicitly determined that Suzuki did not act as a securities broker in the APA transaction because he fell within the exception provided in California Corporate Code § 25004(a)(5), and because "the securities aspect of the APA transaction was incidental to the asset sale and was negotiated after Choe was represented by counsel."  Ex. E to Zarmi Decl. at 91.  Given the Arbitrator's factual findings, these legal conclusions do not constitute a manifest disregard of the law.

### C.  Public Policy

Finally, Petitioners claim that the arbitration award violates California's public policy against compensating individuals for unlicensed real estate brokering and unlicensed securities brokering.  Petition to Vacate Arbitration Award at 13–15. Petitioners' argument, however, fails because the Arbitrator's factual findings support his legal conclusions that Suzuki did not engage in unlicensed real estate brokering or unlicensed securities brokering.  Courts must abide by an arbitrator's factual findings even when considering vacating an award for violating public policy.  *Stead Motors of Walnut Creek*, 886 F.2d at 1211 (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 45 (1987)).  Because vacating the arbitration award on public

policy grounds would require the Court to disregard the Arbitrator's factual findings and California law, the Court rejects this argument.

**D. Attorney Fees**

Suzuki asks this Court to award him his attorney fees and costs pursuant to the parties' Agreement.  The Agreement provides that the prevailing party in an action shall recover their costs and attorney fees.  Ex. A to Zarmi Decl. at 6.  Suzuki is the prevailing party.  The Court awards him his attorney fees and costs.

**<u>Conclusion</u>**

For the foregoing reasons, the Court ORDERS:

(1)     Petitioners' Petition to Vacate Arbitration Award, docket no. 1, is DENIED;

(2)     Respondent's Cross-Motion to Confirm the Arbitration Award, docket no. 12, is GRANTED;

(3)     The Court AFFIRMS the Arbitrator's Corrected Final Award.  Respondents shall file their motion to determine the amount of fees and costs on or before December 10, 2020, and shall note the motion pursuant to the local rules; and

(4)     The Clerk is DIRECTED to enter judgment consistent with this Order.

IT IS SO ORDERED.

Dated this 25th day of November, 2020.

_____
THOMAS S. ZILLY
United States District Judge